UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNNY LEE WITHERSPOON,<br><br>    Defendant. | CRIMINAL NO. 7:09-10-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Johnny Lee Witherspoon's motion for compassionate release. (DE 119.) On May 22, 2009, Witherspoon pleaded guilty to being an inmate in possession of a prohibited object. (DE 61; DE 92.) His projected release date is September 7, 2024. He is currently incarcerated at Ray Brook FCI.

Witherspoon now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." While his original request to the warden was based on medical concerns in light of the COVID-19 pandemic, Witherspoon appears to base his instant motion to the Court on his ineligibility to earn time credits under 18 U.S.C. § 3632(d)(4) and the "unsafe conditions" of his facility. (DE 124-1 at 4; DE 119 at 1-3.) For the following reasons, Witherspoon's motion is denied.

I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the

1

defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834 (citation and quotation marks omitted). Here, the government does not dispute that Witherspoon has exhausted all administrative remedies required. Therefore, the Court has authority to consider Witherspoon's request for compassionate release.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained

by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

Here, the Court expresses doubt that Witherspoon's reasons for release reach the requisite level of extraordinary and compelling to warrant a sentence reduction. To the extent that Witherspoon brings his motion due to medical concerns arising from the COVID-19 pandemic, that argument fails. "A defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Witherspoon had access to and received the first two doses of the COVID-19 vaccine. (DE 124-10 at 1-4.)

However, Witherspoon appears to base his instant motion before the Court on his ineligibility to earn time credits under 18 U.S.C. § 3632(d)(4) and the "unsafe" conditions of his facility. (DE 119 at 1-3.) As it relates to his eligibility to earn time credits, the Court is without jurisdiction to apply any credits to his sentence. *United States v. Haddix*, Criminal Action No. 5:07-137-DCR, 2022 WL 13888446, at *2 (E.D. Ky. Oct. 17, 2022). "The BOP, rather than the Court, is responsible for applying any credit to a defendant's sentence." *Id.* Moreover, a motion for compassionate release is not the proper vehicle for challenging Witherspoon's earned time credits. *United States v. Girod*, Criminal Action No. 5:15-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020). Instead, Witherspoon should raise

3

such challenges in a petition for writ of habeas corpus under 28 U.S.C. § 2241. *United States v. Soto*, No. CR 10-20635, 2022 WL 16787858, at *6 (E.D. Mich. Nov. 8, 2022).

To the extent that Witherspoon asserts that the prison is not taking adequate measures to protect prisoners from COVID-19 infections or is otherwise subjecting prisoners to "unsafe" conditions, this may be viewed as a request for release based upon the Eighth Amendment's prohibition against cruel and unusual punishment. This claim is likewise improper on a motion for compassionate release. A request for release on constitutional grounds is also properly brought as a habeas petition under § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

The § 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with

4

similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

The sentencing judge considered these factors at Witherspoon's sentencing, and this Court reconsiders these factors for purposes of his compassionate release motion. The nature and circumstances of Witherspoon's crime is serious—he admitted to possessing prohibited objects while he was already serving his sentence for a firearm conviction in federal prison. (DE 90 ¶ 1; DE 119 at 1.) Specifically, Witherspoon possessed marijuana and tobacco smuggled in by two visitors. (DE 90 ¶ 3.) Witherspoon's criminal history therefore also includes a conviction for being a felon in possession of a firearm, which is a violent offense. (DE 119 at 1; DE 122 at 2.) Contrary to Witherspoon's argument that he has had "clear conduct" while incarcerated (DE 119 at 1), Witherspoon has received approximately 19 disciplinary infractions during the course of his incarceration (DE 124-4 at 1-4). Indeed, Witherspoon committed the instant offense while incarcerated for another. Several of the infractions involved violent behavior, including multiple incidents of fighting, possessing a dangerous weapon, and threatening bodily harm. (DE 124-4 at 1-4). Since his sentencing in 2009, Witherspoon has received three infractions, two of which were for possession of drugs and alcohol. (DE 124-4 at 1.) Based upon the record before it, the Court cannot find that Witherspoon would not pose a danger to the safety of the community if he were to be released.

While the maximum sentence for being an inmate in possession of a prohibited object is 5 years (DE 90 ¶ 4), Witherspoon was only sentenced to 15 months (DE 92 at 2). This sentence is to run consecutively to the sentence for Witherspoon's firearm conviction. (*Id.*; DE 119 at 1.) Because Witherspoon's projected release date is not for another 21 months, it does not appear that Witherspoon has served <u>any</u> portion of his sentence for the instant offense. Considering the need for Witherspoon's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

5

## III.

Accordingly, in consideration of the § 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Witherspoon's release at this time. The Court HEREBY ORDERS that Defendant Johnny Lee Witherspoon's motion for compassionate release (DE 119) is DENIED.

This 9th day of December, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY